UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRANK OSWALD, | ) | CASE NO.: 5:19-cv-01191 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| NICHOLAS MAUER, et. al, | ) | **ORDER AND DECISION** |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation ("R&R") of the Magistrate Judge (Doc. 7) filed by Petitioner Frank Oswald. Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the petition is hereby DENIED, and this matter is hereby DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Oswald does not specifically delineate his objection to the R&R. Rather, he generally asserts that "both the Ninth District and the Magistrate improperly concluded that knowledge had

1

been established under a purposeful avoidance theory despite the absence of proof that Petitioner believed there was a high probability that C.J. was unaware the sexual conduct was occurring such that knowledge could reasonably be imputed or inferred." (Doc. 7, p. 4). In other words, Oswald challenges the sufficiency of the evidence. Oswald then points to various facts cited in the R&R that he contends do not support the contention that the State proved he acted knowingly and that his conviction should be sustained.

In concluding that the state appellate court reasonably rejected Oswald's argument that there was insufficient evidence to support his conviction, the R&R set forth the facts established before the state court and analyzed these facts under the lens of the AEDPA. Notably, the R&R explained:

> The state appellate court reasonably concluded that sufficient evidence supported the trial court's findings as to each element of the charge at issue based on the above testimony from both the victim and Oswald, as well as Oswald's statements to police. While Oswald asserts there was insufficient evidence based on his testimony setting forth his version of events, it is not for this Court to weigh evidence or determine credibility. *See Jackson*, 443 U.S. at 317-19; *Coleman*, 566 U.S. at 651. While Oswald interprets evidence in a light most favorable to him, that is not the standard – the Court must view the evidence in a light most favorable to the prosecution. *Jackson*, 443 U.S. at 319.
>
> The state appellate court reasonably rejected Oswald's argument there was insufficient evidence to support his conviction, and there is no basis for this Court to conclude that the state court decision in this case involved an unreasonable determination of the facts or was contrary to, or involved an unreasonable application of, clearly established federal law.

(Doc. 6, p. 14-15).

Oswald does not identify error in the R&R but merely restates his prior arguments that the Magistrate Judge has already considered and properly rejected. "An 'objection' that does nothing more than state a disagreement with a Magistrate's suggested resolution or simply summarizes

2

what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). A general objection to the Magistrate's report has the same effect as a failure to object. *Id.* Because Oswald merely repeated and restated previous arguments, and did not state any specific objection to the R&R, his objections are overruled.

Oswald's objections are hereby overruled. The R&R is hereby ADOPTED IN WHOLE, and Oswald's petition is hereby DENIED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.


November 29, 2021                    */s/ John R. Adams*
                                     JUDGE JOHN R. ADAMS
                                     UNITED STATES DISTRICT JUDGE